IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-00225-BO

Gregory P. Williams.,

          Plaintiff,

v.

Carolyn W. Colvin, Acting Commissioner of Social Security,

          Defendant.

Memorandum & Recommendation

On April 14, 2016, the Court sent notice to the parties advising that the action would proceed by motions for judgment on the pleadings and set forth the applicable time period for filing motions. D.E. 25. The notice advised that Plaintiff's motion was due within 60 days. His motion for judgment on the pleadings is now overdue, and Plaintiff has neither filed his motion nor requested additional time within which to do so.

Plaintiff's motion still not having been filed, on July 19, 2016, the court directed Plaintiff to file his motion on or before August 15, 2016. D.E. 27. The Order further warned Plaintiff that his failure to comply with the Order could result in dismissal of the case, without prejudice, both for failing to prosecute and for failing to comply with an Order of Court. *Id*.

The time for Plaintiff to have filed his motion for judgment on the pleadings has passed and no such motion has been received. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the undersigned recommends that the complaint be dismissed without prejudice.

The court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Owen v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: August 23, 2016.

   _____
   ROBERT T. NUMBERS, II
   UNITED STATES MAGISTRATE JUDGE